-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEVIN ZIMMERMAN,

        Petitioner,

        -v-                                **DECISION and ORDER**
                                        13-CR-0071-001S
                                        14-CV-1098S

UNITED STATES OF AMERICA,

        Respondent.

_____

Petitioner, Kevin Zimmerman, has filed pro se a "Habeas Corpus Motion to Amend P.S.R." (Docket No. 51), which the Court construes as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner challenges the calculation of his Criminal History and Offense Level, specifically the conclusion that he was an Armed Career Criminal Offender. While the Court believes that petitioner understood he was filing this Motion under § 2255, the Court, in an abundance of caution, will first provide him with notice that the Court is construing his Motion as one brought under § 2255 and it is thus subject to the gate-keeping mechanism ("second or sucessive" rule) of 28 U.S.C. § 2255(h),[1] and an opportunity to withdraw the Motion if he does not wish it be to construed as one under § 2255. See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998).

---

[1]Section 2255 contains a gate-keeping mechanism which requires a "second" or "successive" § 2255 motion, as defined in § 2244(b), be certified by a panel of the Court of Appeals to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that not reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b); Adams v. United States ("Adams II"), 372 F.3d 132, 135 (2d Cir. 2004). If the motion is not so certified, a movant cannot bring a second or successive § 2255 motion.

In *Adams,* the Second Circuit Court of Appeals held that district courts may not *sua sponte* convert post- conviction motions, putatively brought under some other provision, into motions pursuant to 28 U.S.C. § 2255 without first giving the petitioner notice and an opportunity to decline the conversion or withdraw the motion.[2]  *Id.,*155 F.3d at 584.  The Supreme Court adopted the same rule in *Castro v. United States,* 540 U.S. 375 (2003).

Therefore, the Court hereby notifies petitioner that it intends to recharacterize his Habeas Corpus Motion to Amend P.S.R. as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second" or "successive" motions set forth in 28 U.S.C. § 2255(h).  The recharacterization of the Motion to Amend P.S.R. to a motion under § 2255 will occur unless petitioner notifies the Court in writing by **March 14, 2015** that he either (1) consents to the recharacterization despite the consequences of recharacterization, or (2) voluntary withdraws the Motion to Amend P.S.R. instead of having it recharacterized as a Motion to Vacate, Set Aside or Correct Sentence under § 2255.  If petitioner does not advise the Court in writing by **March 14, 2015**, of either his consent to the recharacterization or his voluntary withdrawal of his Motion to Amend P.S.R., the Court will recharacterize this petition as a motion under § 2255.[3]

---

[2]Specifically, the Second Circuit stated in *Adams* that a district court could not recharacterize or convert a putative motion brought pursuant to Fed.R.Crim.P. 12(b)(2) to a motion under § 2255 unless: "(a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized."  155 F.3d at 584.

[3]If the Motion is recharacterized, the Court will then issue a scheduling order relating to the Motion under § 2255.

The Clerk of Court is directed to serve a copy of the application, together with a copy of this order, upon the United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York  14202.

All docketing for this action shall be made in the related criminal action .

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE UNITED STATES ATTORNEY**.

SO ORDERED

Dated:    February 10, 2015
          Buffalo, New York

>                     s/William M. Skretny
>                    WILLIAM M. SKRETNY
>                         Chief Judge
>                  United States District Court